IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Christopher McCummings, | ) | |
| | ) | Civil Action No. 5:12-3315-TMC |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin,[1] | ) | |
| Acting Commissioner of Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Christopher McCummings ("McCummings"), brought this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for supplemental security income benefits under the Social Security Act ("SSA"). This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of social security cases in this district. (ECF No. 13.)[2] The Report recommends affirming the decision of the Commissioner to deny benefits. The court adopts the Report and affirms the denial of disability insurance benefits.

---

[1] Carolyn W. Colvin became the Acting Commissioner of the Social Security Administration on February 14, 2013. Pursuant to Federal Rule of Civil Procedure 25(d), Colvin should be substituted for Michael J. Astrue as the defendant in this action.

[2] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

**I. Background**

McCummings filed an application for supplemental security income benefits on July 17, 2009, alleging a disability onset date of June 14, 2008. His application was denied initially and on reconsideration. McCummings requested a review by an administrative law judge ("ALJ"), and on March 28, 2011, an ALJ conducted a hearing on the matter. On June 17, 2011, the ALJ issued a decision, finding that McCummings was not under a disability as defined in the SSA.

The ALJ found that McCummings suffered from the severe impairments of degenerative disc disease of the cervical spine, osteoarthritis, degenerative joint disease of the lumbar spine, borderline intellectual functioning, dependent personality disorder, and a reading disorder. The ALJ, however, found that McCumming's impairments did not meet or medically equal the criteria for any of the listed impairments. The ALJ assessed McCumming's residual functional capacity ("RFC") and determined that McCummings could perform a reduced range of light work. The ALJ found McCummings did not have any past relevant work. The ALJ concluded that McCummings could perform jobs in existence in the national economy in significant numbers and, therefore, was not disabled under the SSA.

The Appeals Council declined to review the ALJ's decision and McCummings filed this action for judicial review. In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated here by reference. McCummings filed objections to the Report on November 12, 2013 (ECF No. 31), and the Commissioner filed a reply to those objections on November 27, 2013 (ECF No. 33). This matter is now ripe for review.

**II. Standard of Review**

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security

as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### III. Analysis

In his objections, McCummings contends that the magistrate judge erred by finding the ALJ's rationale for determining that he does not meet the listing for mental retardation was supported by substantial evidence.[3] Specifically, McCummings contends that he meets the requirements of Listing 12.05C and the ALJ erred by utilizing the definition of mental

---

[3] On August 1, 2013, while this appeal was pending, the Social Security Administration amended Listing 12.05 by replacing the words "mental retardation" with "intellectual disability." *See* 78 Fed.Reg. 46,499, 46,501 (to be codified at 20 C.F.R. pt. 404, subpt. P, app. 1). The change "does not affect the actual medical definition of the disorder or available programs or service." *Id.* at 46,500. Because the amendment does not make any substantive changes and the parties have used the term "mental retardation" in their memoranda, to avoid confusion, the court uses the term "mental retardation" in this order.

3

retardation found in the DSM-IV-R which adds additional requirements, significant limitations in at least two skill areas.

> Listing 12.05 requires a showing of "deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22" ("Prong 1"). Listing 12.05 also requires the satisfaction of one of four additional requirements identified as Requirements A-D. . . . ("Prong 2"), as well as "a physical or other mental impairment imposing an additional and significant work-related limitation of function" ("Prong 3").

*Hancock v. Astrue*, 667 F.3d 470, 473 (4th Cir. 2012). Listing 12.05(C) requires "[a] valid verbal, performance, or full scale IQ of 60–70." 20 C.F.R. Pt. 404, Subpt. P, App.1, § 12.05C.

At issue in this case is Prong 1 which requires a showing of "deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22." Listing 12.05 does not define "adaptive functioning." In fact, the SSA has specifically declined to define mental retardation and adaptive functioning. Instead, the regulations provide that "[t]he definition of [mental retardation] . . . in [the] listings is consistent with, if not identical to, the definitions of [mental retardation] used by the leading professional organizations." Technical Revisions to Medical Criteria for Determinations of Disability, 67 Fed.Reg. 20018–01, at 20022 (April 24, 2002). The Social Security Administration ("SSA") explained that, in the United States, each of the four major professional organizations has its own definition and the Administration does not endorse one organization over another. *Id.*

Because "the SSA declined to adopt any one of [these] specific definitions, . . . the introductory paragraph of Listing 12.05 can be met if the individual is found to have, inter alia, deficits in adaptive functioning as defined by any of the [leading] professional organizations." *Lane v. Astrue*, 2012 WL 3241102, *4 n.2 (E.D. N.C. 2012)( citing *Burden v. Astrue*, 586

4

F.Supp.2d 828, 834 (S.D.Tex. 2008)). Here, the ALJ used the definition found in *The Diagnostic and Statistical Manual of Mental Disorders,* (4th Ed. Text Revision 2000) ( "DSM-IV-R") published by the American Psychiatric Association. (R. 13). "Under the DSM–IV, to be deemed mentally retarded one must have "significant limitations in adaptive functioning in at least two of the following skill areas: communication, self-care, home living, social/interpersonal skills, use of community resources, self-direction, functional academic skills, work, leisure, health, and safety." *Lane*, 2012 WL 3241102 *4 (internal citations omitted). Accordingly, the ALJ did not improperly include additional requirements in assessing whether McCummings met the Listing 12.05. The court finds the ALJ's determination that McCummings does not meet Prong 1 is supported by substantial evidence.

After a thorough review of the record, the court adopts the Report and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

                                                          s/Timothy M. Cain
                                                          United States District Judge

January 10, 2014
Anderson, South Carolina